James B. Obie
Obie Law, P.C.
7 W. 6th Ave. Suite 516
Helena, MT 59601
(406) 443-5043
jim@obielaw.us
ATTORNEY FOR DEFENDANT WHITE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-13-91-BLG-SPW |
| Plaintiff, | |
| -vs- | DEFENDANT'S SENTENCING MEMORANDUM |
| BRANDON JAY JOSEPH WHITE | |
| Defendant. | |

Defendant White, through his counsel of record, James B. Obie, submits this memorandum in aid of sentencing. White has pled guilty to possession with intent to distribute methamphetamine. The offense occurred between January 1, 2012, and February 26, 2013.

White objected to the original PSR and filed two objections to the PSR. In Objection #1 White asked that the PSR state that White had been in custody 389 days since the filing

*DEFENDANT WHITE SENTENCING MEMO*  PAGE 1

of the Indictment and that the United States agreed to recommend that the Court vary downward in sentencing to account for this period of time. The Addendum included this information and White has withdrawn Objection #1.

In Objection #2 White asked that the 2 point enhancement under specific offense characteristics for the possession of a firearm in relation to the instant be removed. See PSR Page 8, No. 29. The Addendum to the PSR did not remove the firearm enhancement and White has withdrawn his Objection #2.

The PSR determined that the offense Level was 26, plus 2 points for possession a firearm, less 3 points for acceptance of responsibility and cooperating with the authorities and admitting his misconduct. The total offence level is 25 with an advisory guideline range of 57-71 months.

White has only 1 criminal history points from a misdemeanor offense in January 2006, when he presented an $ 800 stolen check for payment. White maintained he received the check from his uncle and White received a 24 month deferred sentence, $350 fine and restitution of $800. White satisfied the condition of his 2006 deferred sentence.

In the plea agreement the Government has agreed that White should receive a sentencing variance from the Court of 389 days to account for his pretrial detention prior to the Sentencing Date of September 7 (which has now been continued an extra 10 days to September 17). The Government has also agreed in the plea agreement to move the Court to vary downward two levels to receive the benefit of an expected amendment to U.S.S.G.

§ 2D1. The basis of the Government motion is a proposed amendment by the United States Sentencing Commission to reduce the base offense level for drug trafficking offenses by two levels effective November 1, 2014. The Department of Justice is advising federal prosecutors that the immediate discretionary policy is to ask for a 2 level deduction effective March 13, 2014. The Government has now filed the necessary motion to vary downward 2 points.

The 2 point variance would result in a final total offense level of 23 , criminal history category of I, with an advisory guideline range of 46-57 months. The resulting jail credit of 399 days (after adding the 10 days continuance) would result in a variance of 13 months and 9 days. The adjusted guideline range would then be 33 months to 44 months.

White is requesting a prison sentence of not more than 36 months for the following reasons.

1. Lack of criminal pattern. The instant criminal behavior is certainly not part of a criminal pattern for White. He has had no criminal record since his 2009 misdemeanor forgery conviction for which he received his only criminal history point.

2. Difficult upbringing. White is from a broken home and his parents never married. They separated when White was less than one year old. His mother later married to a husband who was both physically and emotionally abusive to White.

White's mother, Loretta Moyak, has provided information that she left his father when Brandon was 6 months old. She felt that White grew up with no positive male role

model and he has changed a lot in the past year She feels White is determined to be a better person and he has taken GED classes and wants to take parenting class. See attached Exhibit A.

According to White's paternal aunt, neither of White's parents set good examples for him and he began to make bad choices when he moved in with his father around the age of 13. See letter from Melody Fitch. Attached as Exhibit B.

The father being referred to is Walter White who was recently sentenced to a 150 month federal prison sentence for a drug conspiracy related to this case.

3. Substance abuse. While White denies any history of mental or emotional problems, he readily admits a serious history of substance abuse. He began smoking marijuana at an early age and first used methamphetamine at age 14. White stated to the probation officer preparing the PSR that his arrest "is the best thing that's happened to me". White intends to pursue drug treatment and is very hopeful he can get into the prison drug treatment program. It is believed that the prison program will only work with inmates that have at least a 36 month prison sentence so the inmate can complete the program before their sentence is discharged.

4. White is motivated to improve himself. He last attended high school in the Billings area and completed the ninth grade. While incarcerated he completed the requirements for a GED certificate in April 2014. Ee attached Exhibit C.

U.S.S.G. § 5K2.20 governs departures in cases where a defendant is guilty of "a single criminal occurrence or single criminal transaction that is committed without significant planning, was of limited duration, and represented a marked deviation from an otherwise law abiding life". *See* U.S.S.G. § 5K2.20 comment App. Note 1. *See also* **United States v. Fairless**, 975 F.2d 664, 668 (9th Cir. 1992).

Sentencing guidelines provide a sentencing court may depart downward if the criminal history category significantly over represents the seriousness of the defendant's criminal history. **United States B Brown**, 980 5 F. 2d 478, 481 (9th Cir. 1993). A court may conclude a defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category, and as a result, horizontally depart from that category. See **United States v. Flores-Uribe**, 106 F.3d 1485 (9th Cir. 1993); **United States v. Reyes**, 8 F.3d 1379, 1387-88 (9th Cir. 1993).

## SUMMARY

White's participation in drug sales is very slight. This offense was an isolated event under the umbrella of his father's influence. This instant episode has no relationship to White's predicted future behavior when his past law abiding conduct is considered.

White argues that he should receive a final sentence of not more than 36 months. This amount of time is even excessive, but it will allow White to participate in a needed drug rehabilitation program while he is in prison.

White requests that the Court recommend to the BOP that he be sentenced to the federal prison facility at FCI Sheridan, Oregon. White also requests that the Court recommend that be considered for placement in the 500-hour Residential Drug Treatment Program.

Dated this 8th day of September, 2014.

/s/ James B. Obie
James B. Obie
Counsel for Defendant White

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2014, a copy of the foregoing document was served on the following persons by the following means:

__1, 2__   CM/ECF

__3__   Mail

_____   FAX

_____   E-Mail

1. Clerk, U.S. District Court

2. Joseph E. Thaggard, AUSA

3. Brandon White, Basin, WY

/s/ James B. Obie
James B. Obie